Archibald C. Wemple, J.
The defendant was apprehended in the town of Duanesburg, County of Schenectady, State of New York, operating a tractor with a 1957 New York registration No. 129191 and a trailer with a New Jersey 1957 registration No. TV-7729. The defendant received from the State trooper a uniform traffic ticket charging him with operating an unregistered trailer, an information was duly filed and the defendant tried before Honorable Harry A. Jones, Justice of the Peace, on December 21, 1957. He was adjudged guilty, fined $25 and his license marked.
The return of the Justice’s Court contains a stenographic record of the trial. The undisputed facts brought out in the testimony unmistakably indicate that the defendant picked up a load of scrap copper at Mt. Kisco, New York, and was transporting the same over the public highways of the State of New York under a shipping order and other indicia of consignment which showed that the destination of the shipment was to be Rome, New York. "While the defendant informed the arresting trooper, according to his testimony, that the destination was “ Utica ” or the “ Utica Terminal,” and while both defendant’s Exhibits 1 and 2, introduced in evidence, might refer to Utica as a terminal, the ultimate destination of the consigned merchandise on each of the defendant’s Exhibits 1, 2 and 3 was Rome, New York.
As shown by the evidence and the exhibits, the merchandise in question was being transported in .an intrastate shipment from Mt. Kisco, New York, to Rome, New York. The intervention of the terminal at Utica was incidental and might have indicated a waiting over place for changing of drivers or other reason. There was employed in this shipment a trailer registered in the *1024 State of New Jersey and a shipment “picked up and to be delivered within the State of New York.”
While it appears from the testimony that subsequent to the arrest a New York licensed trailer was employed to make delivery from the Utica Terminal to the ultimate destination point, there was nothing in the documents to clearly substantiate the defendant’s claim that a New Jersey licensed trailer was being used within the exemptions and under the reciprocal laws relating to the permitted use of foreign registered trailers in connection with domestic licensed tractors.
The judgment of conviction is affirmed. Enter order accordingly.